**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SENECA RE-AD INDUSTRIES, INC.   ) <br> 780 East County Road 20 <br> Tiffin, OH  44883                            ) <br>  <br>         **Plaintiff,**          ) <br>  <br>         vs.                           ) <br>  <br> **EDWARD HUGLER, Acting Secretary of**   ) <br> **Labor** <br> **United States Department of Labor**   ) <br> 200 Constitution Ave., N.W. <br> Washington, DC  20210         ) <br>  <br>         **Defendant.**          ) <br>                            ) <br>                            ) | Case No. _____ <br>  <br> Judge: _____ <br>  <br> Magistrate: _____ |

**COMPLAINT APPEALING ORDER OF
THE U.S. DEPARTMENT OF LABOR'S ADMINISTRATIVE REVIEW BOARD
UNDER THE ADMINISTRATIVE PROCEDURE ACT**

This is an appeal brought pursuant to the Administrative Procedure Act, 5 U.S.C. §701, *et seq*. by Seneca Re-Ad Industries, Inc. ("Seneca") from the "Decision and Order Reversing, in Part, and Remanding" issued January 12, 2017 by the United States Department of Labor's Administrative Review Board in Case No. 2016-FLS-003.  Seneca seeks declaratory judgment that the Administrative Review Board, on behalf of the Secretary of Labor, erred in adopting the Decision and Order of an Administrative Law Judge ("ALJ").  The order of the ALJ found that

although Seneca properly obtained a certificate from the Department of Labor to pay a special minimum wage to workers with developmental disabilities under 29 U.S.C. §214, Seneca could not pay a special minimum wage to three specific individuals because it did not possess medical or psychological evidence that the individuals were disabled for the work they performed, a standard found nowhere in the law. In support of its appeal, Seneca states:

### Parties

1. Seneca is an Ohio not for profit corporation, exempted from taxation pursuant to 26 U.S.C. §501(c)(3).

2. Edward Hugler is the Acting Secretary of Labor. The Department of Labor is an agency of the United States government.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction pursuant to federal question jurisdiction, 28 U.S.C §1331, the Administrative Procedure Act, 5 U.S.C. §701, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §214(c)(5)(G), and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

4. On January 12, 2017, the United States Department of Labor Administrative Review Board issued a Decision and Order in Case No. 2016-FLS-003 ("ARB D&O"). The ARB D&O upheld the ALJ's determination in a Petition for Review proceeding brought under 29 U.S.C. §214(c)(5). That ALJ decision held that Seneca was not entitled to pay three employees a special minimum wage pursuant to 29 U.S.C. §214(c) and 29 C.F.R. Part 525, in spite of the fact that Seneca held a properly issued certificate from the United States Department of Labor to do just that. The ARB's decision states, for the first time ever, that the law requires medical or psychological evidence to demonstrate a nexus, or causal connection, between an

individual's disability and the reduced productivity of the individual. No statute, administrative rule, or order has ever before established such a standard. The ARB D&O also upheld the ALJ's determination that 29 U.S.C. §216(b) authorizes payment of liquidated damages in a petition for review proceeding. A copy of the ARB D&O, labeled "Seneca Re-Ad Industries Exhibit 1," is submitted with this Complaint.

5. Because the ARB D&O is not merely tentative or interlocutory but determines rights and obligations from which legal consequences will flow, it constitutes a "final agency action" for purposes of 5 U.S.C. §704.

**Factual Allegations**

6. Seneca provides employment services to people with disabilities referred to it by agencies of Ohio and local government charged with providing services to people with developmental disabilities.

7. Ralph (Joe) Magers, Pamela Steward and Mark Felton (collectively, "Employees") were referred to Seneca for employment services by the Seneca County Board of Developmental Disabilities (the "DD Board"), which had determined the three individuals were eligible for services from the DD Board.

8. Seneca employed the Employees under a certificate issued by the Department of Labor pursuant to 29 U.S.C. §214(c).

9. In November 2015, the Employees petitioned the Secretary of Labor for a review of their special minimum wage pursuant to 29 U.S.C. §214(c)(5)(A).

10. An ALJ conducted a five-day hearing in January 2016 in the Seneca County Courthouse, and, on February 2, 2016, issued a Decision and Order ("ALJ's D&O") requiring Seneca to immediately begin paying the Employees minimum wage and imposing monetary

3

judgment for back pay and liquidated damages against Seneca in the amount of $54,075.40 based on the Ohio, rather than federal, minimum wage. A copy of the ALJ's D&O, labeled "Seneca Re-Ad Industries Exhibit 2," is submitted with this Complaint.

11. On March 28, 2016, the ALJ issued a second order awarding the Employees attorneys fees and costs in the amount of $276,111.72.

12. Seneca timely appealed the ALJ's decisions and orders to the United States Secretary of Labor, who has delegated reviews of such appeals to the Administrative Review Board.

13. The ARB reversed the ALJ's award of attorney's fees and costs and remanded the case to the administrative law judge to properly determine back pay and liquidated damages under the federal, rather than Ohio, minimum wage. However, the ARB D&O adopted the conclusions of law in the ALJ's D&O that disregarded the evidence provided by Seneca and held, without the benefit of any statute, rule or prior decision of the Department of Labor, that holders of certificates under 29 U.S.C. §214(c) must possess medical, psychological, or other unidentified evidence that demonstrates a causal connection between individual's physical or mental disability and the individual's reduced earning or productive capacity for specific work. The ARB D&O also adopted the administrative law judge's conclusion of law that liquidated damages were available under 29 U.S.C. §216(b) in a petition for review proceeding.

**Statement of Basis of Appeal**

14. Seneca incorporates the allegations made in paragraphs 1 through 13 of the complaint by reference.

15. In accordance with 29 U.S.C. §214(c)(5)(F) and 29 C.F.R. §525.22(g), the ALJ's D&O, together with the exceptions contained in the ARB D&O, on behalf of the Secretary of

4

Labor, are deemed a final agency action, and 29 U.S.C. §214(c)(5)(G) authorizes judicial review of that final agency action pursuant to 5 U.S.C. 701 *et seq*.

16. 5 U.S.C. §702 entitles a person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action.

17. The ALJ's D&O and the ARB D&O are arbitrary and capricious, not in accordance with law, in excess of statutory jurisdiction or authority, and without observance of procedure required by law.

18. In particular, and not by way of limitation, the ALJ's D&O and the ARB D&O rely on the ALJ's unqualified conclusions regarding the impact of the Employees' admitted disabilities on their ability to perform their jobs and is not based upon observation of them at work. Further, the ALJ's D&O and the ARB D&O imposed an evidentiary burden absent from both the Fair Labor Standards Act and the Secretary's rules. The burden created by the ALJ's D&O, and affirmed by the ARB D&O, requires Seneca to prove by "medical, psychological or other [unidentified] evidence" that a causal connection exists between the disabilities of the employees and the reduced productivity of the employees for the specific work performed. This requirement is not contained in the law or regulations. As admitted by the ARB D&O, neither 29 U.S.C. §214(c) nor 29 C.F.R. Part 525 require medical or psychological evidence to show a causal connection between an individual's physical or mental disability and the individual's impaired earning or productive capacity for the work performed.

19. The ALJ's D&O and the ARB D&O improperly award liquidated damages to the Employees pursuant to 29 U.S.C. §216(b), asserting that Seneca has violated 29 U.S.C. §206. Because of the operation of 29 U.S.C. §213(a)(7), the Secretary of Labor lacks authority to

5

award liquidated damages in a proceeding brought under 29 U.S.C. §214(c) and 29 C.F.R. Part 525.

WHEREFORE, Seneca demands judgment as follows:

1. Reversal of the ALJ's D&O and the ARB D&O and dismissal of all liability arising from it;

2. Declaratory judgment that:

   a. 29 U.S.C. §214(c) does not require holders of certificates issued by the Department of Labor pursuant to 29 U.S.C. §214(c) to possess medical, psychological, or like evidence showing a causal connection between an individual's disability and the individual's diminished earning or productive capacity for specific work performed by the individual;

   b. The evidentiary standard created by the ALJ, and found nowhere in the applicable statutes or regulations, is invalid. The Secretary of Labor's action adopting the ALJ's evidentiary standard constitutes unlawful rule-making in violation of the Administrative Procedure Act and other laws governing the making of administrative rules.

   c. 29 U.S.C. §216(b) does not permit an award of liquidated damages in a petition for review proceeding;

   d. 29 U.S.C. §213(a)(7) provides a defense to a violation of 29 U.S.C. §206 to a holder of a certificate issued under 29 U.S.C. §214(c).

3. All other relief to which it is entitled by law.

Respectfully submitted,

/s/Stephen P. Postalakis
STEPHEN P. POSTALAKIS (0063240)
DAVID S. KESSLER (0041982)
Blaugrund Haynes Kessler Myers & Postalakis, Incorporated
300 W. Wilson Bridge Road, Suite 100
Worthington, OH 43085
(614) 764-0681
(614) 764-0774 (facsimile)
spp@bkmplaw.com
dsk@bkmplaw.com
Attorneys for Plaintiff Seneca Re-Ad Industries, Inc.