**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SENECA RE-AD INDUSTRIES, INC., | * | Civil Action No 3:17-cv-281 |
| | * | |
| Plaintiff, | * | |
| | * | Judge Jeffrey J. Helmick |
| v. | * | Mag. Judge James R. Knepp, II |
| | * | |
| EDWARD C. HUGLER, | * | |
| Acting Secretary of Labor, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**
**<u>AND MEMORANDUM IN SUPPORT</u>**

Now comes Defendant Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor (DOL or "Department"), and moves this Court to dismiss Plaintiff's complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  In support of this motion, Defendant provides the following discussion and memorandum of law.

Respectfully submitted,

DAVID A. SIERLEJA
Acting United States Attorney

By:     *s/ Jody L. King*
          Jody L. King (0094125)
          Assistant United States Attorney
          Four Seagate, Suite 308
          Toledo, OH 43604-2624
          Voice: 419-259-6376; Fax: 419-259-6360
          Jody.King@usdoj.gov

          *Attorney for United States of America*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

STATEMENT OF ISSUES .................................................................................................... vi

SUMMARY OF THE ARGUMENT ..................................................................................... vi

BRIEF STATEMENT OF FACTS ........................................................................................... 1

STANDARD OF REVIEW ..................................................................................................... 4

ARGUMENT ........................................................................................................................... 5

    I.   Seneca Fails to State a Claim Under the APA Because the ARB's Order of Remand Is Not Final Agency Action. ................................................................................................ 5

        A.   Consummation of the Agency's Decisionmaking Process. ...................................... 6

        B.   Review of the ARB's Remand Order Would Be an Unnecessary and Premature Intervention Into Agency Proceedings. .................................................................. 10

    II.   Seneca's Claim Is Not Justiciable Because It Is Not Ripe for Review. ........................... 11

        A.   Seneca's claims are not fit for review because there is no final agency action and factual issues remain before the ALJ. ....................................................................... 12

        B.   The Agency's Strong Interest in Completing Its Adjudicatory Process Outweighs Any Limited Hardship to Seneca from Deferring Review. ..................................... 13

    III.  This Is Not A Case of Actual Controversy So the Declaratory Judgment Act Requires Dismissal. ...................................................................................................................... 15

CONCLUSION ....................................................................................................................... 17

CERTIFICATE OF COMPLIANCE ...................................................................................... 18

CERTIFICATE OF SERVICE .............................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Gardner*, 387 U.S. 136 (1967)..................................................vii, 6, 10, 12, 13, 14

*Amini v. Oberlin Coll.*, 259 F.3d 493 (6th Cir. 2001).................................................5

*Ammex, Inc. v. Cox*, 351 F.3d 697 (6th Cir. 2003) .................................................12

*AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004).................................................16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................5

*Bartley v. L&M Coal Co.*, 901 F.2d 1311 (6th Cir. 1990).................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).................................................5

*Bennett v. Spear*, 520 U.S. 154, 178 (1997) .................................................vi, 6

*Berry v. U.S. Dep't of Labor*, 832 F.3d 627 (6th Cir. 2016).................................................6, 10

*Bowers v. Sheet Metal Workers' Nat's Pension Fund*, 365 F.3d 535 (6th Cir. 2004)...................8

*Browning v. Sullivan*, 958 F.2d 817 (8th Cir. 1992).................................................7

*Chem. Mfrs. Ass'n v. EPA*, 26 F. Supp. 2d 180 (D.D.C. 1998) .................................................10

*Consolidation Coal Co. v. Federal Mine Safety and Health Review Comm'n*,
    824 F.2d 1071 (D.C. Cir. 1987).................................................14, 15

*Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007).................................................5

*Duda v. Sec'y of Health & Human Servs.*, 834 F.2d 554 (6th Cir. 1987).................................................vii, 7

*Exxon Chems. Am. v. Chao*, 298 F.3d 464 (5th Cir. 2002).................................................7

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981).................................................8

*Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417 (6th Cir. 2016).................................................4

*Heydon v. MediaOne, Inc.*, 327 F.3d 466 (6th Cir. 2003) .................................................15, 16

*Holistic Candlers & Consumers Ass'n v. Food & Drug Admin.*,
    664 F.3d 940 (D.C. Cir. 2012).................................................12, 13

*Jacksonville Shipyards, Inc. v. Estate of Verderane*, 729 F.2d 726 (11th Cir. 1984)...........7, 8, 9

*Jama v. Dep't of Homeland Sec.*, 760 F.3d 490 (6th Cir. 2014).................................................4, 5, 6

*John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561 (D.C. Cir. 2007).................................................7

*King v. Sloane*, 545 F.2d 7 (6th Cir. 1976).................................................15

*Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).................................................8

*Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n*,
    287 F.3d 568 (6th Cir. 2002) .................................................4

*Miles Christi Religious Order v. Twp. of Northville*, 629 F.3d 533 (6th Cir. 2010).................................................12

*Mobil Expl. & Producing, U.S., Inc. v. Dep't of Interior,* 180 F.3d 1192 (10th Cir. 1999) .......... 7

*N.C. Fisheries Ass'n, Inc. v. Gutierrez,* 550 F.3d 16 (D.C. Cir. 2008) ........................................ 8

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803 (2003) ..................................... 11

*Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997) ................................................................... 5

*Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*,
400 U.S. 62 (1970) ...................................................................................................................... 6

*Potash Ass'n of N.M. v. U.S. Dep't of Interior*, 367 F. App'x 960 (10th Cir. 2010) ..................... 6

*Prod. Credit Ass'n v. Farm Credit Admin.*, 846 F.2d 373 (6th Cir. 1988) ...................... 12, 13, 14

*Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*,
324 F.3d 726 (D.C. Cir. 2003) ..................................................................................................... 5

*Rogers v. Stratton Indus., Inc.*, 798 F.2d 913 (6th Cir. 1986) ...................................................... 4

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008) ..................................................... 16

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000) .................................................... 16

*State Farm Mut. Auto Ins. Co. v. Dole*, 802 F.2d 474 (D.C. Cir. 1986) ..................................... 14

*Thompson v. Paducah Marine Ways*, 897 F.2d 530, 1990 WL 25076 (6th Cir. 1990) ................. 8

*U.S. Army Corps of Eng's v. Hawkes Co.*, 136 S. Ct. 1807 (2016) .............................................. 6

*United States v. Richie*, 15 F.3d 592 (6th Cir. 1994) .................................................................... 4

*W. Energy All. v. Salazar*, 709 F.3d 1040 (10th Cir. 2013) ........................................................ 8

*Wash. Metro. Area Transit Auth. v. Dir., Office of Workers' Comp. Programs*,
824 F.2d 94 (D.C. Cir. 1987) ................................................................................................ 7, 10

*Whitehead v. Califano*, 596 F.2d 1315 (6th Cir. 1979) ................................................................ 8

*Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457 (2001) ............................................................... 7

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ......................................................................... 16

*Youghiogheny & Ohio Coal Co. v. Baker*, 815 F.2d 422 (6th Cir. 1987) .............................. 7, 8, 9

**Statutes**

5 U.S.C. § 701 ............................................................................................................................... 4

5 U.S.C. § 702 ............................................................................................................................... 5

5 U.S.C. § 704 .......................................................................................................................... vi, 5

28 U.S.C. § 1331 ...................................................................................................................... vi, 4

28 U.S.C. § 2201 ...................................................................................................................... 4, 16

28 U.S.C. § 2202 ...................................................................................................................... 4, 16

29 U.S.C. § 214(c) .................................................................. vi, 1, 2, 3, 15

29 U.S.C. § 214(c)(1) ........................................................................ 1

29 U.S.C. § 214(c)(5)(A) ................................................................. 1, 4

29 U.S.C. § 214(c)(5)(B) .................................................................... 1

29 U.S.C. § 214(c)(5)(E) ............................................................. 1, 2, 11

29 U.S.C. § 214(c)(5)(F) ............................................................. 1, 9, 11

29 U.S.C. § 214(c)(5)(G) ............................................................ 1, 4, 11

29 U.S.C. § 255 ............................................................................. 2, 3

U.S. Const. art. III, § 2 ................................................................... 11

## Federal Rules

Fed. R. Civ. P. 12(b)(1) ................................................................... i, 4

Fed. R. Civ. P. 12(b)(6) ............................................................. i, 5, 11

## Code of Federal Regulations

29 C.F.R. § 525.1 ............................................................................ 2

29 C.F.R. § 525.22 ........................................................................... 1

29 C.F.R. § 525.22(a) ....................................................................... 1

29 C.F.R. § 525.22(b) ....................................................................... 1

29 C.F.R. § 525.22(g) ....................................................................... 1

29 C.F.R. § 525.22(h) ....................................................................... 1

29 C.F.R. § 525.5(a) ........................................................................ 1

## Other Authorities

U.S. Dep't of Labor, Secretary's Order No. 02-2012 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board) (Oct. 19, 2012), 77 Fed. Reg. 69,378, 2012 WL 5561513 (Nov. 16, 2012) .................................................................. 1

**STATEMENT OF ISSUES**

1.      Whether the Administrative Review Board's (ARB) remand order constitutes final agency action sufficient to state a claim for judicial review under the APA or the FLSA where the Administrative Law Judge (ALJ) on remand is required to engage in further substantive proceedings.

2.      Whether the ARB's remand order is ripe for review where it is not a final agency action.

3.      Whether the ARB's remand order creates an actual case or controversy such that this Court may exercise jurisdiction under the Declaratory Judgment Act.

**SUMMARY OF THE ARGUMENT**

Plaintiff Seneca Re-Ad Industries, Inc. (Seneca) requests that this Court reverse a decision and order of the DOL's Administrative Review Board (ARB or "Board") remanding this matter to the Administrative Law Judge (ALJ), and requests a declaratory judgment on several issues relating to those proceedings.  (Complaint, ECF #1 PageID #6.)  Seneca claims that the ARB's order is final agency action and asserts that this Court has jurisdiction over this matter pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 704; the Fair Labor Standards Act (FLSA), 29 U.S.C. § 214(c); the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201 *et seq*.; and federal question jurisdiction, 28 U.S.C. § 1331.  (ECF #1 PageID #2-5 ¶¶ 3-5, 15.)  Seneca fails to state a claim for relief and its claim is unripe because the ARB's remand order is not a final agency action as required by the APA.

For an agency action to be final, it must be (1) the "consummation" of the agency's decision-making process, and (2) determine "rights or obligations" from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation marks

and citations omitted). An order remanding a case to an ALJ for further substantive proceedings is not a final agency action under the APA. *See Duda v. Sec'y of Health & Human Servs.*, 834 F.2d 554, 555 (6th Cir. 1987). The ARB's remand order is not the consummation of the agency's decision-making process because on remand the ALJ must recalculate the damages and decide a motion to reopen the administrative record. Because the ARB's remand order is not a final agency action, Seneca's claim is not fit for review, and is therefore unripe, depriving this Court of jurisdiction. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967) (abrogated on other grounds). Moreover, Seneca fails to establish jurisdiction under the DJA. Accordingly, this Court should dismiss the Complaint for failure to state a claim upon which relief can be granted and for lack of ripeness.

<u>**MEMORANDUM IN SUPPORT**</u>

<u>**BRIEF STATEMENT OF FACTS**</u>

Seneca operates a manufacturing facility in Fostoria, Ohio, that primarily employs individuals with disabilities. (ARB Decision & Order (ARB D&O) ECF #1-1 PageID #11 at 4.) Seneca holds a certificate under section 14(c) of the FLSA that authorizes it to pay a subminimum wage to employees whose earning or productive capacity is impaired by a disability for the work being performed. *See Id.*; 29 U.S.C. § 214(c)(1); 29 C.F.R. § 525.5(a). The subminimum wage rate must be based on the employee's productivity and commensurate with wages paid to workers without disabilities who perform the same type, quality, and quantity of work. 29 U.S.C. § 214(c)(1).

Section 14(c)(5)(A) of the FLSA provides a procedure for employees to petition the Secretary for review of the subminimum wage rates determined by their employers. *See* 29 U.S.C. § 214(c)(5)(A); 29 C.F.R. § 525.22(a). The Secretary refers petitions to the Office of Administrative Law Judges for assignment to an ALJ. *See* 29 U.S.C. § 214(c)(5)(B); 29 C.F.R. § 525.22(b). Either party may request review of the ALJ's decision by the Secretary. *See* 29 U.S.C. § 214(c)(5)(E)- (F); 29 C.F.R. § 525.22(g).[1] Section 14(c) provides for judicial review of the agency's final decision "pursuant to chapter 7 of title 5" (the APA). 29 U.S.C. § 214(c)(5)(G); 29 C.F.R. § 525.22(h).

In November 2015, three Seneca employees, Ralph Magers, Pamela Steward, and Mark Felton, filed a petition for review of their subminimum wage rates under section 14(c)(5)(A). (ALJ

---

[1] The Secretary of Labor has delegated authority to the ARB to issue final agency decisions in cases arising under section 14(c) of the FLSA. *See* Secretary's Order No. 02-2012 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board) (Oct. 19, 2012), 77 Fed. Reg. 69,378, 2012 WL 5561513 (Nov. 16, 2012); *see also* 29 C.F.R. § 525.22.

Decision & Order (ALJ D&O) ECF #1-2 PageID #46.)  These workers were paid subminimum

wage rates as low as $2.00 to $4.00 per hour.  (*Id.* at PageID #88.)  The ALJ conducted a hearing,

and on February 2, 2016, issued a Decision and Order in the petitioner-employees' favor, finding

in part that Seneca failed to show that each employee was "disabled for the work to be performed,"

29 C.F.R. § 525.1, and therefore that Seneca could not pay them a subminimum wage.  (*Id.* at

PageID #45.)  The ALJ further found that even if Seneca could pay a subminimum wage, Seneca

did not appropriately calculate the commensurate wage rates paid to the three employees under

section 14(c).  (*Id.*)  The ALJ ordered Seneca to pay the employees the minimum wage for each

hour worked going forward, as well as back wages and liquidated damages.  (*Id.* at PageID #96-

97.)[2]  The ALJ also concluded that the statute of limitations in 29 U.S.C. § 255, which establishes

a two-year statute of limitations in FLSA cases (three years for willful violations) does not apply

to this administrative proceeding.  (ECF #1-2 PageID #83-84.)  The ALJ calculated back wages

equaling the difference between the commensurate wage rate paid to each employee and the Ohio

minimum wage for the three-year period for which the record reflected their wages and hours

worked, plus an equal amount in liquidated damages.  (*Id.* at PageID #86-88.)

Seneca timely requested review of the ALJ's decision by the ARB under 29 U.S.C. §

214(c)(5)(E).[3]  On January 12, 2017, a panel of three administrative appeals judges issued the

Decision and Order Reversing, In Part, and Remanding to the ALJ.  (ECF #1-1 PageID #8-9.)  The

---

[2] The ALJ also awarded attorney fees and litigation costs "if such a remedy is available," (ECF #1-2 PageID #45), and subsequently accepted and awarded the employees' application for attorney fees and costs (*Id.* at PageID #96).  The ARB reversed the ALJ's award of attorneys' fees and costs after finding that the ALJ lacked authority to award them in this administrative proceeding.  (*Id.* at PageID #9, 29-30.)

[3] The Administrator of the Wage and Hour Division (WHD), which is the DOL agency that administers section 14(c) of the FLSA, participated as *amicus curiae* before the ARB.

ARB agreed with the ALJ's conclusion that Seneca failed to show that the employees are impaired for the work they perform, and therefore could not pay the employees a subminimum wage under section 14(c), although the ARB did not formally adopt the ALJ's reasoning on that issue. (*Id.* at PageID #14, 18-26.) The Board concluded that it was unnecessary to determine whether Seneca had properly calculated the employees' commensurate wage rates. (*Id.* at PageID #26.) Regarding damages, the Board made three findings relevant to the remand to the ALJ. First, the Board agreed with the ALJ's conclusion that the statute of limitations in 29 U.S.C. § 255 that applies in FLSA cases brought in judicial proceedings does not apply in an administrative proceeding. (*Id.* at PageID #27-29.) The Board did not, however, decide what period of time the ALJ should consider when calculating back wages. (*See id.*) Second, the Board affirmed the ALJ's conclusion that the employees are entitled to liquidated damages in an amount equal to their back wages. (*Id.* at PageID #29-30.) Finally, the Board concluded that the ALJ should have calculated the back wages using the Federal minimum wage rather than the Ohio minimum wage. (*Id.* at PageID #33-36.)[4] The Board remanded for the ALJ to recalculate the damages. (*Id.* at PageID #37.)

On February 6, 2017, the petitioner-employees filed with the ALJ a Motion to Reopen the Record for Additional Discovery and Recalculation of Damages. (*See* Feb. 6, 2017 Mot. to Reopen, attached hereto as Exhibit A "Ex. A".) The employees assert that because the ARB concluded that the FLSA statute of limitations does not apply in this administrative proceeding, they are entitled to back wages for the entire duration of their employment at Seneca. (*Id.* at 2.) The employees argue that they should be permitted to obtain additional discovery related to their back wages from the time they started working at Seneca until December 2012 (when the ALJ's

---

[4] The ARB also rejected Seneca's argument that its section 14(c) certificate precluded a finding that it violated the FLSA's minimum wage provision. (ECF #1-1 PageID #30.)

initial damages calculation began), because their only other recourse to obtain those back wages would be to file a new complaint under section 14(c)(5)(A). *Id.*

On February 10, 2017, Seneca filed this lawsuit against the Secretary requesting that this Court reverse both the ALJ's and ARB's decisions and issue a declaratory judgment. (ECF #1 PageID #3.) Seneca asserts that this Court has subject matter jurisdiction over its challenge of the ARB D&O pursuant to federal question jurisdiction, 28 U.S.C. § 1331, the APA, 5 U.S.C. § 701, *et seq.*, the FLSA, 29 U.S.C. § 214(c)(5)(G), and the DJA, 28 U.S.C. §§ 2201-2202 (ECF #1 PageID #2.)[5]

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(1), plaintiffs seeking to invoke the jurisdiction of a Federal court bear the burden of establishing that the court has jurisdiction to hear their claims. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). On a factual challenge to the existence of subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations" in the complaint, "and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citations and quotation marks omitted).

Under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to

---

[5] The Sixth Circuit has held that "the APA is not a jurisdiction-conferring statute" and that the "judicial review provisions of the APA provide a limited cause of action for parties adversely affected by agency action." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014); *see also Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 424 (6th Cir. 2016). Although this Court lacks jurisdiction over this case due to lack of ripeness, it generally has subject matter jurisdiction to review agency action under the federal question statute, 28 U.S.C. § 1331. *Haines*, 814 F.3d at 424.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. . The court "need not accept legal conclusions as true, [but] it must do so with all factual allegations." *Id.*; *see also Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), "'the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## ARGUMENT

### I. Seneca Fails to State a Claim Under the APA Because the ARB's Order of Remand Is Not Final Agency Action.

Seneca fails to state a claim for review under the APA because it has pled insufficient facts to plausibly show that the ARB's remand order is final agency action. *See Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 n.4 (6th Cir. 2014); *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003). The APA generally provides a right of action against agencies of the United States to persons adversely affected or aggrieved by an agency action. 5 U.S.C. § 702. However, the APA limits judicial review of agency decisions to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An agency action that is "preliminary, procedural, or intermediate," is not directly reviewable under the APA because the action is "subject to review on the review of the final agency action." *Id.*

An agency action is final only when two required conditions are satisfied. *See U.S. Army*

*Corps of Eng's v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016); *Bennett*, 520 U.S. at 177. First, the challenged "action must mark the 'consummation' of the agency's decision-making process." *Jama*, 760 F.3d at 495 (quoting *Bennett*, 520 U.S. at 177–78). To meet this first condition, the challenged action "must not be of a merely tentative or interlocutory nature." *Bennett*, 520 U.S. at 178; *see also Berry v. U.S. Dep't of Labor*, 832 F.3d 627, 633 (6th Cir. 2016). Furthermore, a court must consider "whether the process of administrative decision-making has reached a stage where judicial review will not disrupt the orderly process of adjudication." *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970). Second, the challenged "action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Jama*, 760 F.3d at 495–96 (quoting *Bennett*, 520 U.S. at 177–78). The analysis of finality should also reflect the Supreme Court's "'pragmatic' approach to finality," which aims to "prevent unnecessary judicial intervention into agency proceedings." *Berry*, 832 F.3d at 634 (quoting *Abbott Labs.*, 387 U.S. at 149–52).

This Court should dismiss Seneca's complaint because it fails to plead sufficient facts to draw a reasonable inference that the ARB's remand order is final agency action, and judicial intervention at this stage would be an unnecessary disruption of the administrative proceedings.

### A. Consummation of the Agency's Decision-making Process.

The ARB's order remanding to the ALJ for further proceedings is not final agency action because it is an intermediate decision that does not mark the consummation of the agency's adjudicatory process. *See Potash Ass'n of N.M. v. U.S. Dep't of Interior*, 367 F. App'x 960, 964 (10th Cir. 2010) (unpublished) (collecting cases in accord with the view that "an agency action is not final . . . if it serves to 'initiate further proceedings' necessary for a final determination of the parties' rights.") (quoting *Mobil Expl. & Producing, U.S., Inc. v. Dep't of Interior,* 180 F.3d 1192,

1198 (10th Cir. 1999)); *Bartley v. L&M Coal Co.*, 901 F.2d 1311, 1313 (6th Cir. 1990) (noting

that district court has no jurisdiction to review earlier appellate board order that remanded case to

an ALJ because order of remand not final agency action); (*Exxon Chems. Am. v. Chao*, 298 F.3d

464, 467 (5th Cir. 2002) (concluding that the ARB's order vacating and remanding to the ALJ was

not final agency action under the APA).

Courts have consistently held that an agency's order of remand to an ALJ for further

proceedings is not final agency action under statutes containing finality requirements analogous to

the APA, and that review of remand orders would be premature and contrary to the purpose of the

finality requirement. *See, e.g.*, *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992) (explaining

that a Social Security Appeals Council decision is not final agency action if remanded to the ALJ);

*Youghiogheny & Ohio Coal Co. v. Baker*, 815 F.2d 422, 424 (6th Cir. 1987) (Benefits Review

Board remand orders not final under Longshore and Harbor Workers' Compensation Act

("Longshore Act")); *Wash. Metro. Area Transit Auth. v. Dir., Office of Workers' Comp. Programs*,

824 F.2d 94, 96 (D.C. Cir. 1987) (same); *Duda v. Sec'y of Health & Human Servs.*, 834 F.2d 554,

555 (6th Cir. 1987) (remand order from Social Security Appeals Council to ALJ not final);

*Jacksonville Shipyards, Inc. v. Estate of Verderane*, 729 F.2d 726, 727 (11th Cir. 1984) (same

under Longshore Act).[6]

Similarly, a district court order remanding to an administrative agency is not reviewable

---

[6] The term "final" has been interpreted to have the same meaning under the APA as it does under other analogous statutes providing for review of an agency's final decision. *See, e.g.*, *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001) (explaining that the term "final" means the same thing for purposes of judicial review under the Clean Air Act as it does for the APA); *John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561, 566 n.4 (D.C. Cir. 2007) (declaring that "cases applying the finality aspect of the APA guide" the court in construing the finality requirement of another statute).

by a court of appeals because it is not a final decision. *See, e.g., W. Energy All. v. Salazar*, 709 F.3d 1040, 1047 (10th Cir. 2013) (applying the "administrative-remand rule" under 28 U.S.C. § 1291); *N.C. Fisheries Ass'n, Inc. v. Gutierrez,* 550 F.3d 16, 19 (D.C. Cir. 2008) ("It is black letter law that a district court's remand order is not normally 'final' for purposes of appeal."); *Whitehead v. Califano*, 596 F.2d 1315, 1319 (6th Cir. 1979). Relatedly, the Sixth Circuit has concluded in the context of a remand order by the district court to a pension plan administrator, that "[t]ypically, 'where assessment of damages or awarding of other relief remains to be resolved, [an order is not] considered to be 'final'." *Bowers v. Sheet Metal Workers' Nat's Pension Fund*, 365 F.3d 535, 536 (6th Cir. 2004) (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)).

Moreover, a remand order is not a final appealable order unless the remand is for the solely ministerial purpose of executing the judgment. *See Youghiogheny*, 815 F.2d at 424; *Thompson v. Paducah Marine Ways*, 897 F.2d 530, 1990 WL 25076 (6th Cir. 1990) (table). It follows that where, as here, a remand order requires more than execution of a judgment, the remand is not a final reviewable order. *See Jacksonville Shipyards*, 729 F.2d at 727. As the Sixth Circuit explained in *Youghiogheny*, a remand is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." 815 F.2d at 424 (internal quotation marks omitted) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)). In *Youghiogheny*, the court concluded that a Benefits Review Board remand order was not final because it did not terminate the litigation where it resolved part of the case, but remanded for resolution of another central issue. *See id.* at 425. Similarly, the court in *Jacksonville Shipyards* denied review of a Benefits Review Board order that affirmed the ALJ's decision on liability but remanded for the ALJ to recalculate the benefits award. *See* 729 F.2d at 727.

Here, the ARB's remand order fails to meet the first prong of the APA finality test because

it is an intermediate order, which like analogous remand orders that the Sixth Circuit and other courts have consistently found to be nonappealable, requires the ALJ to conduct further substantive proceedings. *See Youghiogheny*, 815 F.2d at 424. The ARB's remand order explicitly requires the ALJ to recalculate the damages based on the Federal minimum wage. (See ECF #1-1 PageID #36-37). Like the remand orders in *Jacksonville Shipyards* and *Youghiogheny*, the ARB's remand order is not the consummation of the agency's decision-making process because it leaves more than the ministerial task of executing the order for the ALJ. (*Id.* PageID #9, 37); *Jacksonville Shipyards Inc.*, 729 F.2d at 727; *Youghiogheny*, 815 F.2d at 424. Further, the ARB's remand order did not determine the applicable period of back wages. *(ECF #1-1 PageID #27-29, 37.)* The petitioner-employees' pending Motion to Reopen asks the ALJ to allow the parties to conduct additional discovery on the period of back wages. *See* Ex. A, Mot. to Reopen. The ALJ will have to rule on the appropriate compensatory period as well as the amount of back wages due for this period. *See id.* The ALJ may therefore need to admit and weigh any additional evidence to determine the proper damages. *See id.*

Seneca points to section 14(c)(5)(F) of the FLSA, which provides that "the decision of the ALJ, together with any exceptions, shall be deemed to be final agency action." 29 U.S.C. § 214(c)(5)(F); (ECF #1 PageID #4-5.) However, that provision does not consider the effect of a remand on otherwise final agency action. The statute specifically provides that "final agency action shall be subject to judicial review subject to chapter 7 of Title 5 [the APA]." As demonstrated above, agency actions subject to remand for a reason other than execution of a judgment are not reviewable under the APA.

Consequently, this Court should dismiss Seneca's complaint because the ARB's remand order is not final agency action under the APA where it is not the consummation of the agency's

decision-making. *See Berry*, 832 F.3d at 633. Because Seneca fails to show that the ARB's remand order is the consummation of the agency's decision-making process, it is not necessary to reach the second element of the conjunctive finality test. *See Chem. Mfrs. Ass'n v. EPA*, 26 F. Supp. 2d 180, 182 (D.D.C. 1998).

## B. Review of the ARB's Remand Order Would Be an Unnecessary and Premature Intervention Into Agency Proceedings.

Courts take a "pragmatic" approach to analyzing final agency action in an effort to avoid using judicial resources where the agency proceeding is not complete. *See Abbott Labs.*, 387 U.S. at 149-52; *see also Berry*, 832 F.3d at 634; *Wash. Metro. Area Transit Auth.*, 824 F.2d at 96. The Sixth Circuit applied this pragmatic approach in *Berry* when concluding that DOL's decision not to reopen a previously dismissed claim for benefits was final agency action because it did not raise "concern[s] about interlocutory intrusion, piecemeal review, or the prospect of an agency change-of-heart" and judicial review was limited to a "discrete, after-the-fact decision by the agency." *Berry*, 832 F.3d at 634. In contrast, the court in *Washington Metropolitan Area Transit Authority*, concluding that a Benefits Review Board order remanding to the ALJ for a determination of damages and additional fact finding was not a final order, explained that "[r]eview of part of the Board decision at this time would engage us in the very piecemeal review that the final order requirement is intended to preclude." 824 F.2d at 95.

This case raises the concerns of interlocutory intrusion and piecemeal review that were present in *Washington Metropolitan Area Transit Authority,* 824 F.2d at 95 and that were not present in *Berry*, 832 F.3d at 634. Judicial review of the ARB's remand order at this stage would involve "interlocutory intrusion" in the middle of the agency's adjudication and would likely result in piecemeal review of the different elements of this case. *Berry*, 832 F.3d at 634. If this Court

affirmed the ARB's decision, the Court would have no final order on damages to affirm, and so would likely need to remand to the Board, which would leave the parties in exactly the same position they are today. (See ECF #1-1 PageID #37.) As discussed above, on remand the ALJ would still need to decide the employees' Motion to Reopen the record for additional discovery on the full period of back wages in addition to the final damages calculation. *See* Ex. A, Feb. 6, 2017 Mot. to Reopen. The final agency decision on that matter could be subject to further judicial review in a separate proceeding. *See* 29 U.S.C. § 214(c)(5)(E)-(G). The Court can avoid this unnecessarily piecemeal and premature intervention by dismissing the Complaint and allowing the administrative process to arrive at completion, at which point Seneca will have the opportunity to seek review of the agency's truly final decision.

In sum, judicial review of the ARB's remand order is improper at this time because the order is not final agency action under Supreme Court and Sixth Circuit precedent, and judicial review would be an unnecessary expenditure of judicial resources to intervene in an incomplete administrative process. Accordingly, Seneca's complaint should be dismissed under Rule 12(b)(6) because its contention that the ARB's remand order is final agency action is unsupported by the facts pled in the Complaint. (ECF #1 PageID #3.) Moreover, as discussed below, an APA claim is not ripe for review where there is no final agency action.

## II.   Seneca's Claim Is Not Justiciable Because It Is Not Ripe for Review.

Federal courts may only have jurisdiction over a case that is ripe for review, and Seneca's claim is not ripe. Article III of the Constitution limits federal court jurisdiction to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2. To give meaning to this requirement, the courts have developed a series of justiciability doctrines, including ripeness. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003); *Miles Christi Religious Order v.*

*Twp. of Northville*, 629 F.3d 533, 537 (6th Cir. 2010). The Sixth Circuit has deemed ripeness to be part of the court's "prudential discretion to decline jurisdiction . . . deriv[ed] from the discretionary nature of injunctive and declaratory remedies." *Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003). The ripeness doctrine prevents courts from becoming prematurely entangled in disputes about administrative procedures and interfering in decisions that would be best left to administrative agencies. *See Abbott Labs.*, 387 U.S. at 148-49. The doctrine requires courts to evaluate two elements: (1) "fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." *Id.* at 149; *Ammex, Inc.,* 351 F.3d at 706.

### A. Seneca's claims are not fit for review because there is no final agency action and factual issues remain before the ALJ.

"[A] dispute is not ripe if it is not fit," and a challenge to agency action under the APA "is not fit if it does not involve final agency action." *Holistic Candlers & Consumers Ass'n v. Food & Drug Admin.*, 664 F.3d 940, 943 n.4 (D.C. Cir. 2012) (dismissing APA challenge where agency's warning letter did not constitute final agency action). The Sixth Circuit considers two questions articulated by the Supreme Court in *Abbott Laboratories* related to fitness in an APA challenge for review: whether the challenged agency action is final agency action within the meaning of the APA and whether the issues presented are purely legal. *See Abbott Labs.*, 387 U.S. at 149-54; *Prod. Credit Ass'n v. Farm Credit Admin.*, 846 F.2d 373, 375 (6th Cir. 1988).

The Court in *Abbott Laboratories* considered whether a claim for APA review of regulations establishing labeling requirements for prescription drugs was fit for review. *See Abbott Labs.*, 387 U.S. at 138. The Court concluded that the claim met the fitness element because the regulations satisfied the test under the APA for final agency action and the regulation was challenged on a purely legal basis of statutory interpretation. *Id.* at 149-52. Unlike the final

regulation in *Abbott Laboratories*, the ARB's remand order fails the test for final agency action, and therefore it is not fit for review. *See supra*, § I.A. As analyzed above, the ARB's remand order is not final agency action because the order sending the case back to the ALJ for further substantive proceedings does not reflect the consummation of the agency's decision-making process. *See Id.*; Ex. A, Feb. 6, 2017 Mot. to Reopen. Furthermore, unlike the purely legal issue of statutory interpretation in *Abbott Laboratories*, the issues raised in Seneca's complaint involve unresolved factual questions. *See* 387 U.S. at 149-52. Seneca asks this Court to reverse the ALJ and the ARB's decisions and dismiss all liability, but if the ALJ grants the pending Motion to Reopen, the factual record relating to the damages in this case may be supplemented, *see supra*, § I.A.; Ex. A, Feb. 6, 2017 Mot. to Reopen. (ECF #1 PageID #6 ¶ 1.) Thus, determining Seneca's liability before the ALJ has an opportunity to decide the Motion to Reopen may not be a purely legal issue.

Seneca's claim therefore fails the fitness element of the ripeness test because an agency action that is non-final is not fit for review. *See Holistic Candlers & Consumers Ass'n*, 664 F.3d at 943 n.4. Because both elements of the ripeness test are required, this Court need not proceed to the hardship element. *See Prod. Credit Ass'n*, 846 F.2d at 375 ("For a claim to be ripe, both prongs of the ripeness test must be satisfied for us to exercise jurisdiction.") Nonetheless, Seneca also fails to satisfy the hardship element.

### B. The Agency's Strong Interest in Completing Its Adjudicatory Process Outweighs Any Limited Hardship to Seneca from Deferring Review.

In APA cases, courts consider two questions under the hardship element of the ripeness test: whether the challenged action would have a direct and immediate impact on the party bringing suit, and whether immediate resolution would foster, rather than impede, effective enforcement

and administration by the agency.  *See Abbott Labs.*, 387 U.S. at 153-156; *Prod. Credit Ass'n*, 846 F.2d at 375; *Consolidation Coal Co. v. Federal Mine Safety and Health Review Comm'n*, 824 F.2d 1071, 1077 (D.C. Cir. 1987).  In considering ripeness for review of an agency adjudication, "the court must weigh 'the interests of the challenging parties in obtaining a prompt resolution of their dispute' against 'any institutional interests that either the court or the agency may have for postponing review.'"  *Consolidation Coal*, 824 F.2d at 1077 (quoting *State Farm Mut. Auto Ins. Co. v. Dole*, 802 F.2d 474 (D.C. Cir. 1986)).  Where the agency shows a strong interest in deferral, the party seeking review may overcome that interest if it can show hardship that is "immediate, direct, and significant."  *Id.*

The decision in *Consolidation Coal* provides an example of this weighing of interests in the context of an agency adjudication.  824 F.2d at 1077.  In that case, the court considered a coal company's claim for review of a decision by the Mine Safety and Health Review Commission that the company's safety violation was designated "significant and substantial."  *Id.* at 1078.  The court found that the Commission's decision on the designation was final, that review would not disrupt the agency's decision-making process, and that the agency did not assert that judicial review would interfere with its process (in fact, the dissenting judge, rather than the agency, raised the ripeness issue).  *Id.* at 1077, 1080.  Absent an assertion from the agency supporting postponed review, the court concluded that the company showed sufficient injury because the challenged designation led to an increased penalty against the company and the potential for increased future penalties.  *Id.* at 1081-82.

In contrast to the agency decision in *Consolidation Coal*, the immediate review of the ARB's remand order would impede the effective resolution of the agency adjudication, and the interests of the agency and the Court in an orderly and non-duplicative process outweigh any

hardship to Seneca in postponing review. *See Id.* at 1077. The ARB's remand order and the outstanding Motion to Reopen mean that substantive matters remain before the ALJ, and immediate judicial review will disrupt the agency's final adjudication. *See supra*, § I.B. As discussed above, immediate judicial review of the ARB's remand order will likely require this Court to remand to the agency for further proceedings, and at a minimum will create confusion as to when an agency decision under 29 U.S.C. § 214(c) is final. *See Consolidation Coal,* 824 F.2d at 1077. While Seneca may assert hardship on the basis of the ALJ's order to immediately begin paying minimum wage to the petitioner-employees, *see* ECF #1 PageID #3-4 ¶ 10, in contrast to the final decision *Consolidation Coal*, the immediate review of which did not threaten to interfere with the agency's process, any limited harm to Seneca from postponing judicial review is outweighed by the agency's and this Court's strong interest in avoiding duplicative or procedurally premature review of a non-final remand order. *See Consolidation Coal*, 824 F.2d at 1077.

Because judicial review would unnecessarily interfere with the agency's adjudicatory process at this stage, it would not be prudent for this Court to review prematurely the Board's remand order, particularly where Seneca's claims will become ripe upon the resolution of the ARB's remand order and issuance of a final agency decision. *See supra*, § I.B. This Court should dismiss the Complaint for lack of jurisdiction because Seneca's APA claim is not ripe for review.

### III. This Is Not A Case of Actual Controversy So the Declaratory Judgment Act Requires Dismissal.

Seneca cites the Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201-2202 as a basis for this Court's subject-matter jurisdiction over this complaint. (ECF #1 PageID #2 ¶ 3.) However, the DJA is not an independent source of jurisdiction. *See Heydon v. MediaOne, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003); *King v. Sloane*, 545 F.2d 7, 8 (6th Cir. 1976). The DJA provides courts

with a discretionary remedy of a declaratory judgment only "in a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201; *see Heydon*, 327 F.3d at 470. As explained above, this Court lacks jurisdiction over this matter because it is not ripe and Seneca cannot rely on the DJA as an alternate basis for jurisdiction.

However, even if this Court finds jurisdiction over Seneca's claims, Seneca fails to state a claim for relief under the APA, and therefore it does not have a basis upon which to seek declarative relief under the DJA. The DJA grants courts "'discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.'" *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). The DJA is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'" to bring a lawsuit for declaratory judgment. *Id.* (quoting *Wilton*, 515 U.S. at 287). The Sixth Circuit uses a five factor balancing test when considering whether the exercise of discretion under the DJA is appropriate:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). The court has not established a particular method for weighing the relevant factors. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 563 (6th Cir. 2008). Here, only the first, second, and fifth factors may be relevant (the third and fourth factors generally apply in cases involving state law matters). *See id.* The first factor weighs strongly against issuance of a declaratory judgment because even if this Court granted

declaratory judgment on the legal issues sought in the Complaint, the controversy would not be settled because the ARB would then need to consider the employees' remaining claim that Seneca improperly determined their subminimum wage rates. (*See* ECF #1 PageID #6 ¶¶ 2(a)-(d); #1-2 PageID #77-81). The second factor similarly weighs against issuance of a declaratory judgment at this stage because the ARB remanded to the ALJ, and therefore a declaratory judgment on only a portion of the issues before the agency would result in procedural confusion and could result in multiple district court proceedings. The fifth factor also weighs in favor of dismissal, because Seneca has an alternative remedy: it may bring an APA claim for review after the agency takes final action. Accordingly, Seneca fails to state a claim under the DJA.

## CONCLUSION

For the foregoing reasons, Seneca's claim against the Secretary of Labor should be dismissed for failure to state a claim upon which relief can be granted and for lack of ripeness.

Respectfully submitted,

DAVID A. SIERLEJA
Acting United States Attorney

By:   *s/ Jody L. King*
Jody L. King (0094125)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604-2624
Voice: 419-259-6376; Fax: 419-259-6360
Jody.King@usdoj.gov

*Attorney for United States of America*

OF COUNSEL:

NICHOLAS C. GEALE
Acting Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor for Fair Labor Standards

JONATHAN M. KRONHEIM
Counsel for Litigation

ANN C. WEBB
Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue NW, Room N-2716
Washington, DC 20210

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f) the undersigned counsel certifies that the foregoing Motion to Dismiss and Memorandum in Support is within the allowed page limitation.

*s/ Jody L. King*
Jody L. King
Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

*s/ Jody L. King*
Jody L. King
Assistant U. S. Attorney