# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | | |
|---|---|---|---|
| SENECA RE-AD INDUSTRIES, INC. | ) | | |
| Plaintiff, | ) | Case No. | 3:17-cv-281 |
| vs. | ) | Judge: | Jeffrey J. Helmick |
| ALEXANDER ACOSTA, Secretary of Labor | ) | Magistrate Judge: | James R. Knepp, III |
| | ) | | |
| Defendant. | | | |

## PLAINTIFF'S MOTION FOR STAY

Now comes Plaintiff and, for reasons more fully stated in the attached Memorandum in Support, moves this Court to stay this case until such time as the Department of Labor has completed its limited remand for recalculation of damages.

Respectfully submitted,

/s/Stephen P. Postalakis
STEPHEN P. POSTALAKIS (0063240)
DAVID S. KESSLER (0041982)
Haynes Kessler Myers & Postalakis, Incorporated
300 W. Wilson Bridge Road, Suite 100
Worthington, OH 43085
(614) 764-0681
(614) 764-0774 (facsimile)
spp@bkmplaw.com
dsk@bkmplaw.com
Attorneys for Plaintiff Seneca Re-Ad Industries, Inc.

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

As the Court is now aware, Defendant has, at long last, delivered the file in this matter to the Administrative Law Judge ("ALJ") in order that he might accomplish the limited task directed by the Administrative Review Board ("ARB") in its exceptions to the ALJ's Decision and Order. *See*, generally, Defendant's Notice of Additional Administrative Proceedings, Doc #: 10, Page ID#: 235. Notwithstanding the fact that this task took over 14 months to accomplish, and the fact that the ALJ long ago opined that he did not have jurisdiction in the matter, it remains the case that the remand to the ALJ is for a limited and ministerial purpose. On this point, Plaintiff refers the Court to its Memorandum Contra Defendant's Motion to Dismiss in order to not further belabor the point (Doc #: 8, Page ID#: 162).

The ALJ has directed briefing, and it seems he will make his recalculation of damages in the not-too-distant future. Afterward, it might happen that Plaintiff again challenges his order by filing a request for review with the ARB, which will then rule thereupon such request. It seems to Plaintiff that this process could result in Plaintiff needing to amend the Complaint in this matter. The crux of the Complaint, of course, is the ruling by the ALJ and the ARB that Plaintiff was required to show a nexus between the diagnosed impairment and the impact of that impairment on the actual work tasks being performed, based upon medical, psychological or other evidence in the record, to justify the payment of a special minimum wage. This contention will not go away or be affected by the current administrative process. The only possible substantive action that may result is Plaintiff may choose to challenge an order from the ALJ of an award of back wages from the date of hire for each individual until December 27, 2012. Doing so will add little to this case that does not already exist.

## II. FACTORS FOR A STAY OF PROCEEDINGS

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants,' and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When considering a motion to stay, the Court should consider three factors: "[(1)] any prejudice to the non-moving party if a stay is granted, [(2)] any prejudice to the moving party if a stay is not granted, and [(3)] the extent to which judicial economy and efficiency would be served by the entry of a stay." *Williams v. City of Cleveland*, No. 1:09CV2991, 2011 WL 2848138, at *2 (N.D. Ohio July 14, 2011) (Pearson, J.) (quoting *Voeltner v. Gen. Elec. Co.*, No. 2:07-CV-0943, 2007 WL 4287649, at *1 (S.D. Ohio Dec. 4, 2007)). Courts are afforded "substantial discretion to determine whether to grant a stay," *Williams*, 2011 WL 2848138 at *2, and must give "proper deference to the administration of justice" in reaching that decision. *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06-CV-2981, 2011 WL 976586 at *2 (N.D. Ohio Mar. 17, 2011).

## III. ARGUMENT

### 1. There will be no prejudice to Defendant if a stay is granted.

At all times relevant, Defendant had the ability to make the administrative process move forward. The ALJ and the ARB fall under the Secretary of Labor's purview. Plaintiff is not suggesting that Defendant should have recommended a decision, but he could have ordered the remand proceedings to take place immediately in accordance with the ARB's Decision and Order. That apparently did not happen, and this case has been pending since February 17, 2018, and relatively dormant for over 12 months. Despite the passage of time, the case is still in its

3

early stages, and only briefing on Defendant's motion to dismiss has occurred. Staying the case until such time as the administrative proceeding is resolved will not prejudice Defendant.

Defendant can still carry out its remand proceedings if a stay is granted. The ARB issued its Decision and Order on January 12, 2017. Plaintiff fails to see how Defendant has suffered any hardship over the past 15 months because the remand has not otherwise occurred or because this case has not otherwise been dismissed.

**2. There will be some prejudice to Plaintiff if the stay is not granted.**

Based upon representations made directly to the undersigned by the ALJ in February 2017, Plaintiff filed its Complaint in order to ensure that its right to appeal the Decisions and Orders of the ALJ and the ARB was preserved. Again, the ministerial calculation of damages is insufficient to render the Decisions and Orders not final appealable orders. *See* Doc #: 8, Page ID#: 165-166.) Denying the stay, and ostensibly granting Defendant's motion to dismiss, would require Defendant to expend additional time and resources to re-commence this case, which would not be necessary if a stay is granted.

**3. Judicial economy and efficiency would be served by the entry of a stay.**

In the interest of judicial economy. Plaintiff suggests the Court stay this matter until such time as the remand process has been completed. At that point, the Court will have all the relevant information available and the parties can proceed to address the substance of the pending case. The stay will provide the added benefit of relieving the Court of having to decide Defendant's Motion to Dismiss. That Motion only suggests that the case be dismissed and refiled at such time as the remand is completed. This, it seems to Plaintiff, is unnecessary. Defendant does not contend that its final agency action will not otherwise be appealable to this

Court. A stay would serve the interests of justice much better than starting from scratch some months from now.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court stay this matter until the administrative remand has been completed, and order the parties to file periodic status reports concerning that process.

        Respectfully submitted,

        /s/Stephen P. Postalakis
        STEPHEN P. POSTALAKIS (0063240)
        DAVID S. KESSLER (0041982)
        Haynes Kessler Myers & Postalakis, Incorporated
        300 W. Wilson Bridge Road, Suite 100
        Worthington, OH 43085
        (614) 764-0681
        (614) 764-0774 (facsimile)
        spp@bkmplaw.com
        dsk@bkmplaw.com
        Attorneys for Plaintiff Seneca Re-Ad Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 7th day of May, 2018, a copy of the foregoing was filed electronically with the ECF System for this Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including Assistant U.S. Attorney Jody L. King, Attorney for Defendant.

s:// Stephen P. Postalakis<br>
STEPHEN P. POSTALAKIS