# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SENECA RE-AD INDUSTRIES, INC., | ) | Civil Action No 3:17-cv-281 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Jeffrey J. Helmick |
| v. | ) | Mag. Judge James R. Knepp, II |
| | ) | |
| R. ALEXANDER ACOSTA,[1] | ) | |
| Secretary of Labor, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY

Defendant, Secretary of Labor R. Alexander Acosta ("the Secretary"), provides the following Opposition to Plaintiff's May 7, 2018 Motion for Stay and requests that the court dismiss this case for the reasons discussed in the April 14, 2017 Motion to Dismiss.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: *s/ Jody L. King*
Jody L. King (0094125)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604-2624
Voice: 419-259-6376; Fax: 419-259-6360
Jody.King@usdoj.gov

*Attorney for United States of America*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary of Labor R. Alexander Acosta is substituted for former Acting Secretary of Labor Edward C. Hugler.

**MEMORANDUM IN SUPPORT**

The Secretary urges the Court to render Plaintiff's Motion for Stay moot by dismissing the Complaint for lack of jurisdiction and/or for failure to state a claim upon which relief can be granted because the agency action is not yet final, as discussed in the April 14, 2017 Motion to Dismiss.

Because the Motion to Dismiss raises issues of subject-matter jurisdiction, it should be decided prior to considering the Motion for Stay. It is well established that a court must determine that it has jurisdiction over a case prior to addressing the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)); *see also, e.g.*, *Sheldon v. Vilsack*, 538 F. App'x 644, 647 (6th Cir. 2013). District courts have extended this principle to motions to stay, recognizing that lack of jurisdiction may moot a motion for stay. *See Clark v. Pfizer Inc.*, No. CIV.A. 04-3354, 2004 WL 1970138, at *2 (E.D. Pa. Sept. 7, 2004) ("This Court begins with the threshold issue of its own jurisdiction, the resolution of which obviates the need to consider Defendants' motion for a stay."); *Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000) (deciding a motion challenging the court's jurisdiction first because it would moot the motion to stay); *cf. Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1047 (E.D. Wis. 2001) (addressing jurisdiction before motion to stay, but noting that *Steel Co.* does not require resolving jurisdiction before considering a stay)). *But see Michelin Ret. Plan v. Dilworth Paxson, LLP*, No. CV 6:16-3604, 2017 WL 2531845, at *4 (D.S.C. June 12, 2017) (concluding that the court may decide a motion to stay prior to establishing subject-matter jurisdiction).

In this case, consistent with the general principle of deciding jurisdictional questions at the threshold, the Court should decide the jurisdictional issues raised by the Motion to Dismiss prior

to considering the Motion to Stay. Not only would clarity on the court's lack of jurisdiction over this claim benefit the parties, but dismissal would obviate the need for the court to decide whether a stay is warranted. Moreover, Plaintiff's Motion for Stay is premised upon the fact that agency action is not yet final. (ECF #12 PageID #245.) As Plaintiff recognizes, proceedings on remand are ongoing before the Administrative Law Judge (ALJ), and Plaintiff (or the petitioner-employees) may seek review of the ALJ's decision by the Board. (*Id.*)[2] Plaintiff also anticipates a need to amend the Complaint in this case following the agency's final decision. (*Id.*) These circumstances further highlight that the Board's remand order presently under consideration by the ALJ is not final agency action under the Administrative Procedure Act (APA), 5 U.S.C. § 704. *See Youghiogheny & Ohio Coal Co. v. Baker*, 815 F.2d 422, 423 (6th Cir. 1987) (finding that a remand order is not a final appealable order). For the reasons set out in detail in the Motion to Dismiss, the court lacks jurisdiction over the Complaint because it is not ripe until the agency action is final, and Plaintiff fails to state a claim under the APA upon which relief can be granted at this time. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967) (abrogated on other grounds) (explaining that ripeness doctrine prevents "premature adjudication" by the courts of matters pending before an agency). (ECF #7 PageID #133-57.)

For the reasons discussed above, Defendant requests that the Court grant the pending Motion to Dismiss and render the Motion for Stay moot.

---

[2] Plaintiff complains that the Secretary should have ordered the Board to carry out the remand "immediately," (ECF #12 PageID # 246); however, Plaintiff mischaracterizes the relationship between the Secretary and the Administrative Review Board (the "Board"). The Board operates independently to issue final agency decisions for the Secretary of Labor pursuant to a delegation of authority by the Secretary. *See* Delegation of Authority and Assignment of Responsibility to the Administrative Review Board (Secretary's Order 02-2012), 77 Fed. Reg. 69378 (Nov. 16, 2012) ("The Board is hereby delegated authority and assigned responsibility to act for the Secretary of Labor in review or on appeal of the matters listed below, including, but not limited to, the issuance of final agency decisions.").

                                              Respectfully submitted,

                                              JUSTIN E. HERDMAN
                                              United States Attorney

By:    *s/ Jody L. King*
          Jody L. King (0094125)
          Assistant United States Attorney
          Four Seagate, Suite 308
          Toledo, OH 43604-2624
          Voice: 419-259-6376; Fax: 419-259-6360
          Jody.King@usdoj.gov

          *Attorney for United States of America*

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor for Fair Labor Standards

JONATHAN M. KRONHEIM
Counsel for Litigation

ANN C. WEBB
Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue NW, Room N-2716
Washington, DC 20210

## CERTIFICATE OF SERVICE

    I hereby certify that on May 11, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                             *s/ Jody L. King*
                                             Jody L. King
                                             Assistant U. S. Attorney