UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Seneca Re-Ad Industries, Inc.,                    Case No. 3:17-cv-281

        Plaintiff,


    v.                                                MEMORANDUM OPINION
                                                                         AND ORDER


R. Alexander Acosta,


        Defendant.


## I. INTRODUCTION

Defendant R. Alexander Acosta, the Secretary of the United States Department of Labor, seeks to dismiss the complaint filed by Plaintiff Seneca Re-Ad Industries, Inc., on the grounds that Seneca's claims are not ripe and I lack subject matter jurisdiction. (Doc. No. 7). Seneca filed a brief in opposition to the motion to dismiss, (Doc. No. 8), and subsequently filed a motion to stay the case while certain administrative proceedings were resolved. (Doc. No. 12). Defendant filed a brief in support of the motion to dismiss, (Doc. No. 9), and opposes the motion to stay. (Doc. No. 13). For the reasons stated below, Seneca's motion to stay is denied and Defendant's motion to dismiss is granted.

## II. BACKGROUND

Federal law permits the Department of Labor to authorize, in certain circumstances, employers to pay a wage less than the federal minimum wage to employees with developmental disabilities. 29 U.S.C. § 214(c). Seneca is an Ohio non-profit corporation which "provides employment services to people with disabilities" and which is authorized by the Department of Labor to employ those individuals at less than the federal minimum wage. (Doc. No. 1 at 3). Three of these individuals – Ralph Magers, Pamela Steward, and Mark Felton ("Petitioners") – filed a petition with the Department of Labor, challenging whether they were properly classified under the § 214 certificate.

The Administrative Law Judge (the "ALJ") assigned to the case held a hearing and issued a decision holding the Petitioners were not covered by the § 214 Certificate because, in part, Seneca did not present evidence to establish a causal connection between the Petitioners' disabilities and their reduced capacity for specific work. (Doc. No. 1 at 4). The ALJ required Seneca to pay the Petitioners minimum wage and awarded back pay and liquidated damages (the "February 2016 decision"). The ALJ subsequently issued a second decision awarding attorney fees.

Seneca appealed to the Administrative Review Board (the "ARB"), which reversed the attorney-fee award, and remanded the February 2016 decision back to the ALJ to calculate back pay owed to the Petitioners under the federal minimum wage law, rather than the Ohio law (the "First ARB appeal"). Following remand, the ALJ recalculated the backpay award using the federal minimum wage rather than the Ohio minimum wage and, after granting a motion filed by the Petitioners to reopen the record, also calculated damages and back pay for an additional time period (the "August 2018 decision"). (Doc. No. 14-1). Seneca also has appealed this decision to the ARB, arguing the ALJ lacked jurisdiction to grant the motion to reopen on remand and the ARB should

reject this portion of the ALJ's August 2018 decision (the "Second ARB appeal").  (Doc. No. 14-2 at 3-5).

Defendant argues I must dismiss the complaint because agency proceedings are not yet final and therefore I lack subject matter jurisdiction.  (Doc. No. 7).  Seneca disagrees, asserting the remand ordered in the First ARB appeal was "for a limited and ministerial purpose," (Doc. No. 12 at 2), and that the Second ARB appeal will not affect any of the legal issues identified in the complaint because Seneca expects the ARB will simply correct the ALJ's back pay calculation.  (Doc. No. 15 at 2).  Seneca asserts a stay will serve the purposes of judicial economy and avert prejudice to Seneca.  (Doc. No. 12 at 4).

### III.   STANDARD

A court lacks subject matter jurisdiction over a plaintiff's claims if those claims are not ripe for review.  *Bigelow v. Michigan Dep't of Nat'l Res.*, 970 F.2d 154, 157 (6th Cir. 1992).  Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1).  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  A defendant's facial attack on the ripeness of the plaintiff's claims asserts the allegations of the complaint do not establish subject matter jurisdiction and implicates a similar standard of review as a Rule 12(b)(6) motion.  *Id.*

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering a Rule 12(b)(6) motion, the court may consider the allegations in the

complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

Seneca seeks a declaration, pursuant to the Administrative Procedure Act (the "APA"), that the Department of Labor adopted an invalid evidentiary standard, improperly awarded liquidated damages, and failed to consider a purported statutory defense to the Petitioners' claims against Seneca. Claims under the APA are not subject to federal court review until the agency's action is "final" – that is, when the agency has consummated its decision-making process and the action is one by which the agency has determined the parties' rights or obligations. *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 495-96 (6th Cir. 2014).

Seneca characterizes its appeal of the ALJ's August 2018 decision as ministerial because Seneca merely asks the ARB to perform "the perfunctory calculation it ordered the ALJ to do." (Doc. No. 15 at 2). The problem with this characterization, as Seneca previously has implicitly conceded, is that the Second ARB appeal does not simply involve a damages calculation. (*See* Doc. No. 12 at 2 ("The only possible substantive action that may result is [Seneca] may choose to challenge" the ALJ's award of back pay pursuant to the motion to reopen. (emphasis added))).

The ALJ's decision to add a third time period for the calculation of back pay affects the substantive rights of the Petitioners and Seneca, because it imposes liability for additional conduct. This portion of the August 2018 decision differs in kind from the ARB's instruction to the ALJ to calculate back pay using the federal minimum wage rather than the Ohio minimum wage. *Cf. Apex Fountain Sales, Inc. v. Kleinfeld*, 27 F.3d 931, 935-36 (3rd Cir. 1994) (decisions which have not sufficiently disposed of legal and factual issues are not final orders).

4

The propriety of the ALJ's decision to grant the motion to reopen and to award back pay and liquidated damages for the third time period remains a point of controversy in the administrative proceedings. This uncertainty requires me to conclude the agency has not yet reached a final decision as to the parties' legal rights. *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decisionmaking process . . . ."). Therefore, Seneca's claims are not yet ripe, and I lack subject matter jurisdiction to hear them. As a result, I have no power to stay Seneca's claims until the administrative proceeding are completed and deny the motion to stay. *See, e.g., McGinty v. Nazon*, 2018 WL 2432753, at *3 (S.D. Ohio, May 30, 2018) (citing Fed. R. Civ. P. 12(h)(3)).

## V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for lack of subject matter jurisdiction, (Doc. No. 7), is granted. I deny Seneca's motion to stay. (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge